UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARC MACHINES, INC., a California corporation,

Plaintiff,

vs.

INDUSTRIAL SOLUTIONS & INNOVATIONS, LLC, a limited liability company; DARRELL WHITTENBERG, an individual; and DOES 1 through 25, Inclusive,

Defendants.

Case No. CV 13-9473 DSF (CWx)

*REMOVED FROM:*
Los Angeles County Superior Court
Case No. PC055364

**PROTECTIVE ORDER**

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

IT IS HEREBY ORDERED:

1. As used in the Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record.

"Confidential" documents are documents designated pursuant to paragraph 2.

"Confidential—Attorneys' Eyes Only" documents are documents designated pursuant to paragraph 5.

"Documents" are all materials within the scope of Fed. R. Civ. P. 34.

"Inside Counsel" means a licensed attorney employed by a Party and assigned to this action, or an outside licensed attorney who regularly does work with a Party and who is assigned to this action.

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys.

"Party" or "Parties" means the named Parties in this action, including any Parties later named in this action, their current and former officers and directors, and their current employees or agents who potentially may be witnesses.

"Written Assurance" means an executed document in the form attached as Exhibit A.

2. A Party may designate a document "Confidential," to protect information within the scope of Fed. R. Civ. P. 26(c), including, without limitation, documents containing confidential, propriety and/or trade secret material.

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

(a) The Court and its staff;

(b) Attorneys, their law firms, and their Outside Vendors;

(c) Persons shown on the face of the document to have authored or received it;

(d) Court reporters, or videographers retained to transcribe or record testimony;

(e) The Parties;

(f) Inside Counsel for Parties assigned to this action, but in no event shall such In Counsel provide to any Party any "Confidential—Attorneys' Eyes Only" documents designated pursuant to paragraph 5;

(g) Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5. The Parties shall have the right to further designate Confidential documents or portions of documents containing the Parties' highly confidential, proprietary, and/or technical internal business information as "Confidential—Attorneys' Eyes Only." Disclosure of such information shall be limited to the persons designated in paragraphs 4(a), (b), (c), (d), (f) and (g).

6. Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential—Attorneys' Eyes Only," subject to the same protections and constraints as the Parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. As an additional safeguard, all documents produced by third parties pursuant to subpoena shall be treated as "Confidential—Attorneys'

Eyes Only" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Confidential—Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

7. Each person appropriately designated pursuant to paragraph 4(g) to receive "Confidential," or "Confidential—Attorneys' Eyes Only" information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the Party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a Party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting Party.

8. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" or "Confidential—Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential—Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses "Confidential," or "Confidential—Attorneys' Eyes Only" information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any Party who inadvertently fails to identify documents as “Confidential” or “Confidential—Attorneys’ Eyes Only,” promptly upon discovery of its oversight, may provide written notice of the error and substitute appropriately-designated documents. Any Party receiving such improperly-designated documents shall use reasonable effort to retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

10. All items designated “Confidential” or “Confidential—Attorneys’ Eyes Only” pursuant to this Protective Order shall be subject to the provisions of this Protective Order even if they have been reproduced, summarized, or otherwise altered in form. All such reproductions, summaries, or other alterations in form shall be treated in the same manner as the “Confidential,” or “Confidential—Attorneys’ Eyes Only” item itself and shall be subject to the provisions of this Protective Order.

11. If a Party intends to file a document designated as “Confidential,” or “Attorneys’ Eyes Only” with the Court, or use such document at trial, it shall do so in compliance with Local Rule of Court 79-5, the Court’s Initial Standing Order, and the Court’s Under Seal Pilot Program.

12. Any Party may request a change in the designation of any information designated “Confidential” or “Confidential—Attorneys’ Eyes Only.” Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as “Confidential” or “Confidential—Attorneys’ Eyes Only” in the action may be affected. The Party asserting that the material is

"Confidential" or "Confidential—Attorneys' Eyes Only" shall have the burden of proving that the information in question is properly designated within the scope of protection afforded by Fed. R. Civ. P. 26(c). No Party shall cite this Protective Order, or any provision thereof, as evidence, or in support of any argument regarding the merits of this litigation, regarding the merits of whether any document has been properly designated, or for any purpose other than seeking to enforce the terms of this Protective Order.

13. Within 60 days of the termination of this action, including any appeals, each Party shall either destroy or return to the opposing Party all documents designated by the opposing party as "Confidential" or "Confidential—Attorneys' Eyes Only," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each Party shall provide a certification as to such return or destruction within the 60-day period. Attorneys, however, shall be entitled to retain one set of all documents produced and all correspondence generated in connection with the action.

14. To the fullest extent authorized by Federal Rule of Evidence 502, any applicable work-product protection or attorney-client privilege is not waived, and indeed remains intact and in effect, as to any Party, or anyone who is not a Party to the action by any disclosure connected with the litigation of this present action.

15. Any Party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

16. The obligations imposed by the Protective Order shall survive the termination of this action.

Dated: April 15, 2014

Carla M. Woehrle

CARLA WOEHRLE
United States Magistrate Judge